UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM TAYLOR,

    Plaintiff,

v.                                       CASE No. 8:07-CV-2238-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-three years old at the time of the administrative decision and who has an eleventh grade education (Tr. 88,

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

195), has been employed as a road maintenance worker, cable layer, and milker (Tr. 63, 113). He filed claims for Social Security disability benefits and supplemental security income payments, alleging he became disabled due to problems with his right ankle and knee (Tr. 82). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of the right ankle and the right knee and diabetes mellitus (Tr. 19). The law judge concluded that these impairments restricted the plaintiff to light work with a sit/stand option (Tr. 20). The law judge determined that the plaintiff is limited in his lower extremities and specified that his right foot is limited to frequent use (<u>id</u>.). The law judge also included the additional limitations of occasional climbing, avoiding concentrated exposure to extremes in cold and heat, and avoiding hazards (<u>id</u>.). The law judge determined that these limitations prevented the plaintiff from returning to past work (Tr. 22). However, based upon the testimony of a vocational expert, the law judge ruled that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as small product assembler, produce inspector, and merchandise marker (Tr. 23-24). The law

judge therefore found the plaintiff to be not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff contends, in a superficial manner, that the law judge failed in his duty to fully and fairly develop the record (Doc. 24, p. 6). This, however, is a mischaracterization of the plaintiff's own argument. It does not appear that the plaintiff is contending that the law judge did not fully develop the record, but rather that the law judge failed to consider the severity of all impairments (id.). If the plaintiff did intend to assert an argument based upon a failure to develop the record, that argument is rejected because the plaintiff has not articulated any facts supporting it.

The plaintiff was warned in the scheduling Order that his memorandum had to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and support those grounds "by citations to the record of the pertinent facts," and that the failure to do so could cause his argument to be disregarded (Doc. 11, p. 2). Consequently, the plaintiff's failure to set forth any facts showing that the law judge did not develop the record is fatal to any such argument.

As indicated, the real thrust of the plaintiff's argument is that the law judge did not fully evaluate the severity of the plaintiff's impairments of obesity, chest pain, hypertension, and headaches (Doc. 24, p. 7). The law

judge's decision demonstrates that the law judge did, in fact, consider the allegations of chest pain, hypertension, and headaches. However, he discounted those allegations. Thus, the law judge stated (Tr. 22):

> The undersigned concludes that the claimant's statement concerning his impairments and their impact on his ability to work are not entirely credible in light of discrepancies between the claimant's assertions and information contained in the documentary report. He has alleged that he cannot work because of right ankle, right knee, diabetes mellitus, headaches and chest pains. The record shows that he has been treated for his knees, ankle, diabetes and hypertension. He alleges that he must use a cane to ambulate, however there is [sic] no medical records to support that claim. He alleges that he has been totally disabled and unable to work since January 28, 2003; however, this is not supported by the record. In addition, there are no medical records for the year of 2005. The medical records from January 2003 to 2004 do not indicate that the claimant is unable to work. He cannot perform his past work but he can perform other work with his residual functional capacity for light work activity. The Administrative Law Judge does not imply that the claimant is symptom-free, but a review of the evidence in this case persuades the undersigned that the claimant's complaint of right ankle, right knee, headaches, hypertension and diabetes mellitus are not credible when viewed in light of medical findings and the claimant's own testimony. The Administrative Law Judge is not persuaded that the claimant is totally and permanent [sic] disabled nor has his claim of disability lasted a continuous period of 12 months.

This statement demonstrates that the law judge not only considered the plaintiff's allegations of chest pain, hypertension, and headaches, but that he found them not credible to the extent that the plaintiff asserted that these conditions limited the plaintiff's ability to work. Importantly, as the Commissioner notes (Doc. 25, p. 12 n.4), the plaintiff has not challenged the law judge's credibility determination.[2] Under these circumstances, the plaintiff's contention that the law judge did not adequately consider the allegations of chest pain, hypertension, and headaches is meritless.

The plaintiff also argues that the law judge failed to consider his obesity. The argument similarly fails.

In the first place, the plaintiff did not make any contention to the law judge that he was impaired due to obesity. Thus, at the hearing, the plaintiff testified that he was 5'8" and weighed approximately 191 pounds (Tr. 196). That weight and height do not establish that the plaintiff was obese, and the plaintiff did not testify that he was. Moreover, the plaintiff's attorney (a different lawyer than his current one) provided a memorandum at

---

[2]The Commissioner explains why the credibility determination, if it had been challenged, should be upheld (Doc. 25, pp. 11-13). Particularly in light of the scheduling Order, since there was no challenge to the credibility determination, it is unnecessary to discuss the evidence supporting the determination.

the hearing which set forth the impairments upon which the plaintiff based his claim of disability (Tr. 114). Obesity was not mentioned. Under these circumstances, the law judge did not err because he did not consider an allegation of obesity. Street v. Barnhart, 2005 WL 1164202 at *6 (11th Cir. 2005)(unpub. dec.).

Furthermore, the evidence does not establish that the plaintiff was obese for at least a twelve-month period. Thus, while the plaintiff points to evidence showing that he weighed between 248 and 264 pounds between April and November 2006, by the time of the hearing in January 2007 he had lost weight and was down to 191 pounds (Doc. 24, p. 8). There is no indication that this weight would impose any functional limitations upon the plaintiff beyond those found by the law judge. This is an additional reason why the law judge did not err in failing to consider the unasserted claim of obesity.

In addition, the plaintiff seems to suggest, but does not really argue, that the law judge failed to consider the combined effect of the impairments (id., p. 9). The law judge clearly recognized that he had to consider the combined effects of the plaintiff's impairments (Tr. 19). Thus, for example, the law judge stated that, "[a]t step two, the undersigned must

determine whether the claimant has a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe'" (Tr. 18). A similar statement was made concerning the next step in the sequence (Tr. 18, 19). The same is true of the determination of the plaintiff's residual functional capacity (Tr. 18, 20). These statements demonstrate that the law judge properly considered the combined effects of the plaintiff's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002).

Finally, the plaintiff asserts that the law judge erred because his hypothetical question to the vocational expert failed to include the effects of headaches, light headedness, dizziness, and intermittent chest pain (Doc. 24, pp. 10-11). To the extent that the plaintiff is arguing that the hypothetical question was deficient because it did not include certain symptoms, that argument misperceives the role of the vocational expert. The plaintiff may be asserting that the expert is supposed to be advised of the plaintiff's symptoms, then opine what functional limitations those symptoms impose, and thereafter opine whether individuals with those limitations could perform work that exists in the national economy. The expert's role, however, is simply to let the law judge decide the functional limitations in his assessment of residual functional capacity, and then opine whether an individual with

those limitations could perform work that exists in the national economy. Accordingly, the hypothetical question does not need to include each symptom of the claimant. Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1270 (11th Cir. 2007). The hypothetical question therefore is not deficient because it did not include the symptoms set forth by the plaintiff (see Tr. 20, 207).

Moreover, the hypothetical question appropriately included the functional limitations the law judge found to exist. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, supra, 284 F.3d at 1227. On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004). As previously explained, the law judge discounted the plaintiff's complaints of headaches, chest pain, and hypertension. Moreover, no doctor has opined any functional limitations arising from those conditions. Accordingly, the hypothetical question, to be valid, did not need to include any functional limitations due to those conditions.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is therefore AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 3rd day of March, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE